## UNITED STATES v. NORTHERN PAC. RY. CO. et al.

### No. 287.

District Court, E. D. Washington, N. D.

Sept. 25, 1943.

Edward M. Connelly, U. S. Atty., of Spokane, Wash., Bernard H. Ramsey, Sp. Asst. to Atty. Gen., and Edward J. Crowley, Sp. Atty., Department of Justice, of Spokane, Wash., for petitioner.

Frank P. Weaver, of Spokane, Wash., and V. P. Evers, of Seattle, Wash., for defendants.

SCHWELLENBACH, District Judge.

In this condemnation proceeding petitioner moves that the judgment be modified by striking therefrom that portion which allows interest from the date of judgment until paid upon the sum equal to six per cent interest upon the amount deposited by petitioner from the date of the petitioner's acquisition of possession and the date

of the filing of the declaration of taking and the deposit of the estimated compensation. Petitioner contends that the allowance of interest in the judgment constitutes compound interest or interest upon interest which cannot be charged against the United States. It relies upon Cherokee Nation v. United States, 270 U.S. 476, 490, 46 S.Ct. 428, 70 L.Ed. 694, and United States v. 20.08 Acres of Land in Harmar Tp., Allegheny County, Pa., D.C., 39 F.Supp. 421.

The question involved is whether the six per cent on the amount of the deposit is, in truth "interest" or is, in fact, a part of the "just compensation." The statute, 40 U.S.C.A. § 258a, provides: " * * * and the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of 6 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment." Petitioner does not contend that the balance of the judgment, consisting of the deficiency resulting from the excess of the jury's award over the amount deposited, shall not bear interest at six per cent per annum. It asserts, however, that since the statute makes use of the device of an interest rate as a yardstick in the determination of a part of the just compensation, the legal inhibition against compound interest must be applied. Petitioner asserts that the use of the word "interest" in the statute so characterized the amount allowed thereunder as interest as to force me to disregard the fact that actually it is not interest but is simply "part of the just compensation awarded."

The Supreme Court said, in United States v. Klamath and Moadoc Indians, 304 U.S. 119, 123, 58 S.Ct. 799, 801, 82 L.Ed. 1219: "Nor is it quite accurate to say that interest as such is added to value at the time of the taking in order to arrive at just compensation subsequently ascertained and paid. The established rule is that the taking of property by the United States in the exertion of its power of eminent domain implies a promise to pay just compensation, i. e., value at the time of the taking plus an amount sufficient to produce the full equivalent of that value paid contemporaneously with the taking." "Interest at a proper rate is a good measure by which to ascertain the amount so to be added." Seaboard Air Line Railway Company v. United States, 261 U.S. 299, 306, 43 S.Ct. 354, 356, 67 L.Ed. 664. The allowance of interest from the time of taking until payment is merely a fair and convenient method of ascertaining the sum to which the owner of the land is entitled. United States v. Rogers, 255 U.S. 163, 169, 41 S.Ct. 281, 65 L.Ed. 566. Where the use of property is taken by eminent domain and paid for later, the owner is entitled to the value at the time of taking and such additional amount that the whole may be equivalent to the value of the use at the time of the taking paid contemporaneously with the taking. Such additional allowance may be measured by a reasonable rate of interest but it is not properly interest. Phelps v. United States, 274 U.S. 341, 344, 47 S.Ct. 611, 71 L.Ed. 1083. Interest is allowed, not as interest, but as the equivalent of the value of the use of property or its money substitute. United States v. Certain Lands in City of St. Louis, Mo., D.C., 41 F.Supp. 809, 812. See, also, United States v. Creek Nation, 295 U.S. 103, 111, 55 S.Ct. 681, 79 L.Ed. 1331. Where the item in the nature of interest is lumped with another item, the two must be treated as a single sum and stand or fall together. People of State of New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L.Ed. 405. See, also, United States v. Childs, 266 U.S. 304, 309, 45 S.Ct. 110, 69 L.Ed. 299; Meilink v. Unemployment Reserves Commission, 314 U.S. 564, 62 S.Ct. 389, 86 L.Ed. 458.

From these cases, it will be seen that the allowance in this judgment was not interest and the judgment does no violence to the rule which proscribes interest on interest.

The motion is denied.