### UNITED STATES of America
### v.
### 164.25 ACRES OF LAND, More or Less, Situated in the TOWN OF NEWINGTON and the City of Portsmouth, Rockingham County, State of NEW HAMPSHIRE, and James M. Mahoney, et al.

### Civ. A. 1110.

United States District Court
D. New Hampshire.
June 26, 1957.

Maurice P. Bois, U. S. Atty., William Maynard, Asst. U. S. Atty., Concord, N. H., for plaintiff.

Burns, Calderwood, Bryant & Hinchey, Stanley M. Burns, and Donald R. Bryant, Dover, N. H., for defendant.

CONNOR, District Judge.

On October 22, 1956, the plaintiff moved for preliminary judgment of condemnation confirming the jury verdict rendered on December 16, 1955. Therein, an order was requested requiring the United States of America to pay into the Registry of the court the deficiency of $90,912, together with interest at the rate of 6% per annum from the date of actual possession, January 1, 1956, to March 16, 1956, less the $90,916 already deposited in anticipation of a deficiency judgment.

This motion came on for hearing on January 3, and so much of the motion that proposed the limitation of interest from the date of possession to March 16, 1956, was opposed by the defendant, who claimed it was entitled to interest from the date of the taking, July 20, 1955, to March 16, 1956, at 6% on the deficiency, as well as interest on the said interest from March 16, 1956, to the date of final payment of the said accumulated interest. Before the Court had made an order on the foregoing motion, the plaintiff indicated that it did not desire to press the motion, and an order to that effect was endorsed thereon.

The defendant, on January 22, 1957, filed a motion which was similar in all respects to that filed by the plaintiff excepting only that it asks that interest at the rate of 6% per annum be paid to it from the date of the deposit of estimated compensation, July 20, 1955, to the date of the deposit of the deficiency, March 16, 1956, and also for an additional sum of interest on said interest from March 16, 1956, to the date of the payment of the said accumulated interest.

Thereafter, on January 29, the plaintiff filed a motion for an order determin-

ing rent alleging that the defendant was allowed to remain in possession after the filing of the Declaration of Taking until January 1, 1956, without any agreement with respect to rent to be paid to the United States by the defendant. The defendant on March 30, counterclaimed for reimbursement for the expenses of maintaining the golf course following the Declaration of Taking.

At the hearing on April 1, evidence was offered as to the conversation and correspondence by and between the representatives of the plaintiff and those of the Country Club. There was also additional evidence of the expense the club had incurred in maintaining the golf course during its permitted possession and the issue presented is whether in the absence of a firm agreement, rent may now be charged the club for its occupancy, and whether the cost of maintenance may be proven as a setoff by the defendant.

■ Section 258a of Title 40 U.S.C.A. is mandatory to the extent that interest shall be included in the judgment as part of the compensation awarded as of the date of taking to the date of payment, and I consider this sufficient authority to dispose of the question of when interest is to begin and terminate. United States v. Thayer-West Point Hotel Co., 1947, 329 U.S. 585, 588, 67 S.Ct. 398, 91 L.Ed. 521. See also United States v. 1,433 acres, D.C.Kan.1947, 71 F.Supp. 854. "Interest from the date of taking is usually a part of the just compensation to be paid and cannot be denied by statute." Atlantic Coast Line v. U. S., 5 Cir., 1943, 132 F.2d 959, 962.

■ Additionally, interest in an additional sum is allowed from the date of the deposit of the deficiency, March 16, 1956, to the date of final payment, on the interest which had accumulated to March 16. United States v. Northern Pacific Railway Co., D.C., 51 F.Supp. 749.

■ I am not impressed with the Government's contention that as an offset to

the interest allowable, rent should be assessed against the defendant during the time that it was permitted to remain in occupancy after the Declaration of Taking. While it is true that, under section 258a, the Court is empowered to make such orders respecting "rents" as shall be just and equitable, I am of the view that the relationship then existing was not that of landlord and tenant. In the light of the record, the proposal seems to be an afterthought and merits but brief consideration. Moreover, whatever benefit the defendant received was counter-balanced by the fact that the premises as a golf course were kept in good condition, assuring its continued and eventual use by the plaintiff.

The plaintiff's motion for rent is denied, the defendant's motion for interest is granted, its counterclaim for reimbursement is denied, and the parties are directed to forthwith present an order of judgment.