**UNITED STATES of America**

v.

**176.2 ACRES OF LAND, MORE OR LESS, Situate IN BOSSIER PARISH, STATE OF LOUISIANA; and A. J. Hodges Industries, Inc., et al.**

Civ. A. No. 3735.

No. 3735.

United States District Court
W. D. Louisiana,
Shreveport Division.

Dec. 31, 1962.

Edward L. Shaheen, U. S. Atty., and Dosite H. Perkins, Asst. U. S. Atty., Shreveport, La., for the Government.

James A. Van Hook, John T. Guyton, Hargrove, Guyton & Van Hook, Shreveport, La., for defendants.

BEN C. DAWKINS, Jr., Chief Judge.

May 20th, 1952, the Government instituted this condemnation proceeding against certain property owned by defendants located in Bossier Parish immediately. adjacent to Barksdale Air Force Base. A deposit in the amount of $76,800 was made into the registry of the Court, as the Government's estimate of the fair value of the land, in accordance with the provisions of 40 U.S.C. § 258(a).

The landowners, dissatisfied not only with the amount deposited, but in a sincere effort to regain possession of the property, refused to take the money thus tendered and attempted to show that there was a "lack of necessity" for the taking. It was the original opinion of this Court, based on authorities then extant, that defendants were entitled to make proof that there was no "necessity" for the taking. Some years later, upon consideration of more recent appellate decisions, we held that defendants' prayer for vacation of the judgment on the Declaration of Taking should be denied and that they could not rely on the "lack of necessity" defense.

In due course thereafter, with one continuance being granted at defendants' instance for good cause, a jury trial was held on the matter of just compensation. The jury found, on substantial evidence, that the property was worth $201,000 at the time of the taking.

The Government now has moved to disallow any interest on the difference between the amount of its initial deposit, $76,800, and the amount found by the jury to be just compensation, $201,000, alleging that the landowner-defendants' delay of the case by litigating the question of "necessity" and in not promptly answering the suit bars their claim for interest.

In its brief the Government has made some very ugly, and entirely unjustified. charges against defendants' eminent counsel to the effect that the rather long delay in assembling their evidence in their efforts to show the lack of "necessity" for the taking was part of a deliberate scheme to bilk the Government of a large amount of interest. We reject these charges as being not only intemperate, but wholly unwarranted, considering our earlier ruling that defendants were entitled to contest the "necessity" of the taking, and the difficulties defendants' counsel encountered in obtaining their evidence from many different sources, mostly in possession of the Government.

40 U.S.C. § 258(a) provides that in cases such as this the judgment shall include, as part of the just compensation to be awarded, interest at the rate of 6% per annum on the amount finally found to be the fair market value of the property as of the date of the taking, but only upon the excess of any amount the Government may have deposited as its estimate of just compensation.

The Supreme Court said in Seaboard Air Line Railway v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664 (1922):

" * * * Where the United States condemns and takes possession of land before ascertaining or paying compensation, the owner is not limited to the value of the property at the time of the taking; he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking. *Interest at a proper rate is a good measure by which to ascertain the amount so to be added.* * * * This was a 'palpably fair and reasonable method of performing the indispensable condition to the exercise of the right of eminent domain, namely, of making "just compensation" for the land as it stands, at the time of the taking.' " (Emphasis added.)

The addition of interest is an attempt by Congress to substitute additional compensation because the taking and corresponding just compensation do

not occur simultaneously. United States v. Northern Pacific Railway Co., 51 F. Supp. 749 (D.C.1943); United States v. Certain Land in City of St. Louis, Mo., 41 F.Supp. 809 (D.C.1941).

The Government cites Luckenbach Steamship Company, Inc., v. United States, 272 U.S. 533, 47 S.Ct. 186, 71 L.Ed. 394 (1926), as the leading case holding that interest does not accrue to one where unwarranted delays are attributable to him. While Luckenbach did hold that interest was not allowable on monies which had not been deposited or paid to an individual by the United States, it soundly can be distinguished on several grounds. The statute involved there differed substantially from the one involved here. It provided that one who was not satisfied with an offer for the property could accept three-fourths and sue for enough more to make full compensation. Possession was not taken by the Government until $1,500,000 had been offered, the amount which was later determined to be just compensation. The landowners here never had a reasonable opportunity at any time to accept full just compensation, as shown by the vast disparity between the amount deposited, $76,800, and the amount of the jury's award, $201,000. It is also apparent that the statutory pattern involved here was intended by Congress to be quite different from that involved in Luckenbach.

If the Government here had deposited a larger—a really fair—amount, it could have avoided the accumulation of interest of which it now complains. Moreover, it has had the use of the land since it was initially taken. If the deposit had been too large, it could have recovered the excess. United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1942).

Alpirn v. United States, 113 F.Supp. 681, 126 Ct.Cl. 142 (1953), cited by the Government, does assert that unwarranted delay brought about by the landowner will bar interest. That case, however, was grounded upon United States v. North American Transportation & Trading Co., 253 U.S. 330, 40 S.Ct. 518, 64 L.Ed. 935 (1920). Disallowance of interest in North American was not based on ordinary statutory condemnation proceedings but upon an implied contract by the Government to pay for property it had appropriated. In rejecting North American's claim for interest, the Supreme Court said:

> "The company argues that interest is allowed in condemnation proceedings, not *qua* interest for default or delay in paying the value, but as the measure of compensation for the use and occupation during the period which precedes the passing of the title; * * *. On the other hand, this suit brought in the Court of Claims is a very different proceeding. It is an action of contract to recover money which the United States is assumed to have promised to pay; and the assumed promise was to pay the value at the time of the taking."

North American, therefore, does not support the Government's position here and thus the holding in Alpirn seems incorrect.

 Moreover, the Government's claim that the delays deliberately were used to let interest accumulate is not at all well founded. The amount deposited by the Government was not withdrawn until the final decision by this Court on "necessity" had been rendered. It is well settled that interest cannot be obtained on monies deposited under the authority of 40 U.S.C. § 258(a) for the benefit of landowners. See, e. g., United States v. City of New York, 186 F.2d 418 (2d Cir., 1951). Hence it is more logical to conclude that the delays were not intended to accumulate interest since no attempt was made to benefit from the monies on deposit until we ruled that the landowners legally could not contest the question of "necessity."

For these reasons, interest at the rate of 6% per annum from the date of taking until paid is to be allowed on the difference between the jury award, $201,000, and the amount deposited by the Govern-

ment as its estimate of just compensation, $76,800. This may appear to be a harsh ruling, but it results in large measure from the fact that, more often than not, the Government deposits only a trifling part of the true value of land it condemns instead of making a sincere effort to pay the just compensation which the Constitution requires, which Congress has ordained, and which justice demands.