**UNITED STATES of America,
Plaintiff,**

**v.**

**CERTAIN TRACTS OF LAND AND PORTIONS OF the RIGHT-OF-WAY OF the UNION PACIFIC RAILROAD IN GEARY AND CLAY COUNTIES, KANSAS, Union Pacific Railroad Company, et al., and Unknown Owners, Defendants.**

**Civ. A. No. T-3448.**

United States District Court
D. Kansas.
Jan. 7, 1964.

Newell A. George, U. S. Atty., Elmer Hoge, Asst. U. S. Atty., for plaintiff.

Charles R. Escola, Topeka, Kan., for State Corporation Commission of Kansas.

Philip H. Lewis, of Lillard, Eidson, Lewis & Porter, Topeka, Kan., J. H. Anderson and J. J. Burchell, Omaha, Neb., for Union Pac. R. Co. and Chase Manhattan Bank.

TEMPLAR, District Judge.

The above entitled cause came on for hearing on the motion for delivery of possession filed hereby by the plaintiff, United States of America, and the Court, having duly considered the evidence and being fully advised in the premises, now finds the following:

### FINDINGS OF FACT

1. This eminent domain action filed on December 4, 1963 was commenced because the plaintiff, United States of America, through its Secretary of the Army, is constructing a flood control and water supply dam on the Republican River, approximately three (3) miles upstream (northwest) from Junction City, Kansas, in Geary and Clay Counties, known as the Milford Dam and Reservoir Project.

2. The Milford Dam and Reservoir Project was authorized by the Act of Congress approved September 3, 1954 (Public Law 780—83rd Congress).

3. The Congress has, to date, provided public monies for constructing said project in a total amount exceeding $27,-000,000. Of this sum, all but approximately $3,000,000 has been expended or committed (reserved) for expenditure on specific features of the project.

4. The structure (dam) is approximately 60% complete. Completion of construction requires the severing of the defendant's railroad line in the area described in Plaintiff's Motion for Order for Delivery of Possession. The plaintiff is obligated to its contractor to furnish right-of-way for construction over the area described in plaintiff's Motion by January 1, 1964.

5. Plaintiff will be liable under an express contract provision, to an extent not presently determinable, for damages to said contractor by reason of the suspension of the contractor's operations in the event said right-of-way is not made available on or about January 1, 1964.

6. Failure to deliver possession of said right-of-way to said contractor on or about January 1, 1964 may result in a delay in the over-all completion of said project, with a consequent loss to the general public of the flood control and water supply benefits to be realized therefrom.

7. The defendant has been aware of the project for more than two (2) years, and its Petition for an Order of Abandonment of its railroad line in the project area has been pending before the Interstate Commerce Commission for more than a year.

8. Said Petition for an Order of Abandonment has been, and is being, opposed by various protestants, who desire relocation of the line. This application for abandonment includes abandonment of operation over the entire line as well as abandonment of the line owned by the defendant Union Pacific Railroad Company. The Examiner for the Interstate Commerce Commission, after a hearing, recommended abandonment of the line without relocation.

9. Following the severance of the defendant's railroad at the project, it will not be reasonably feasible to provide continued service to the railroad's customers who utilize said branch line. Such service would require some use of tracks of another railroad, with probable substantial additional costs to the defendant Union Pacific Railroad Company.

10. There are funds available for payment of just compensation to the defend-

ant in this cause in the office of the plaintiff's District Engineer, U. S. Army Engineer District, Kansas City, Missouri. Funds in the sum of $200,000 have been committed (reserved) for payment of just compensation in this cause, as representing the plaintiff's current estimate of the total compensation to be due the defendant as a result of this condemnation proceeding, including such compensable damages, if any, as may be suffered by the defendant as a result of granting plaintiff's Motion.

11. The Union Pacific Railroad Company estimates that the value of its line is in the sum of $2,398,373, and that in the event of abandonment without relocation, it will suffer damage in such amount.

12. The sum of $500,000 is considered by the Court to be reasonably sufficient at this time to cover any liability of plaintiff to defendant for just compensation in this proceeding and is sufficient to secure certain and adequate compensation to defendant in this proceeding.

13. The State Corporation Commission of the State of Kansas, seeking to intervene in this action is interested in the question of whether service over the branch line involved is to be abandoned or whether the line is to be relocated so as to provide a substitute form of service, and represents the interest of shippers and persons who will be affected by the plaintiff's acquisition of defendant's right-of-way.

14. The branch line of the Union Pacific Railroad Company between Concordia and Junction City, Kansas, is a part of defendant's interstate operation and extends for a distance of 71.72 miles.

15. 51.64 miles of said line are owned by Union Pacific Railroad Company; 20.08 miles of said line are owned by The Atchison, Topeka and Santa Fe Railway Company. Union Pacific Railroad Company operates over the Santa Fe portion of said line by agreement with the Santa Fe. The said line presently serves a number of towns and cities located thereon.

16. The government's motion for delivery of possession of that portion of the Union Pacific Railroad right-of-way beginning at the west line of Section 19 and proceeding in a southeasterly direction to the south line of the Northeast Quarter of Section 28, all in Township 11 South, Range 5 East of the Sixth Principal Meridian, Geary County, Kansas, should be sustained; this possession or taking includes the rails, ties, tracks, bridges and other property now located thereon belonging to the Union Pacific Railroad Company.

17. This issuance of the order for delivery of possession and severance of the line will result in abandonment of operation over the entire line. However the taking of the railroad's property by the exercise of the sovereign power of eminent domain is entirely beyond the railroad's control, and under such circumstances the railroad is not voluntarily nor intentionally abandoning its operations of the branch line.

## CONCLUSIONS OF LAW

1. The power of eminent domain is inherent in the sovereign and even when property is already devoted to public use or quasi public use, the exercise of the sovereign power may not be denied. (United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209; Oklahoma ex rel Phillips v. Atkinson Co., 313 U.S. 508, 61 S.Ct. 1050, 85 L.Ed. 1487.)

2. The language of subsection 18 of Section 1, Title 49 United States Code which says:

"* * * no carrier by railroad subject to this chapter shall abandon all or any portion of a line of railroad, or the operation thereof, unless and until there shall first have been obtained from the Commission a certificate that the present or future public convenience and necessity permit of such abandonment. * * *"

is clearly directed to an intentional and voluntary act of abandonment on the part of the railroad. The taking of the Union Pacific's property by the exercise

of the sovereign power of eminent domain is an act entirely beyond the railroad's control and is forced upon it against its will by the plaintiff herein. (United States v. 27.7 acres of land, etc., 178 F.Supp. 712, W.D.Ark.1959; Zirn et al. v. Hanover Bank, et al., 2 Cir., 1954, 215 F.2d 63, 69.)

3. The defendant Union Pacific Railroad Company will by the plaintiff's taking of track and other property aforesaid be granted abandonment by operation of law of its operations and this abandonment shall be effective at noon January 17, 1964.

4. Under the circumstances of this case, the defendant's operations as to the remaining portion of said aforesaid branch line will be suspended until the Interstate Commerce Commission determines whether the entire line should be relocated.

5. The plaintiff shall within ten days deposit in this Court a total sum of $500,000 to abide the subsequent determination of just compensation in this cause.

6. The plaintiff has not proceeded under the Declaration of Taking Act, 40 U.S.C. 258a, nor is it required to do so. (Catlin v. United States, 324 U.S. 229, 240, 65 S.Ct. 631, 89 L.Ed. 911 (1945); United States v. Fisk Building, 99 F.Supp. 592, 594, 595 (S.D.N.Y.1951.)

7. The State Corporation Commission of the State of Kansas is entitled to intervene in this action because it represents the interests of shippers and persons who will be affected by the plaintiff's acquisition of defendant's right-of-way.

An Order will therefore be entered as follows:

(a) Granting plaintiff's motion for order for delivery of possession; such possession to be effective at noon, January 17, 1964.

(b) Directing the plaintiff to deposit within 10 days from this date, estimated compensation in a total amount of $500,000.

(c) That the defendant suspend its operations on the entire branch line until the Interstate Commerce Commission determines whether the entire line should be relocated.

(d) Granting the motion of the State Corporation Commission of the State of Kansas to intervene in this cause.