**UNITED STATES of America, Plaintiff,**

v.

**Dorothy BLANKINSHIP, Marian J. Haines, also known at Marian J. Blankinship, Double-O-Bar, Inc., an Oregon Corporation, the Federal Land Bank of Spokane, et al., Defendants.**

Civ. No. 73–426.

United States District Court, D. Oregon.

May 13, 1977.

Joseph E. Buley, Portland, Or., for plaintiff.

Paul E. Sinnitt, Tacoma, Wash., Gene C. Rose, Anthony Yturri, Ontario, Or., George H. Corey, Pendleton, Or., Edwin J. Welsh, Portland Or., Carl G. Helm, La Grande, Or., Phillip D. Chadsey, Portland, Or., for defendants.

OPINION and ORDER

BURNS, District Judge:

The Court of Appeals remanded (543 F.2d 1272) with instructions for this Court to recompute the interest which should be awarded to the landowners, each of whom received verdicts substantially in excess of the amount originally deposited by the government as just compensation for land condemned. In *Double-O-Bar*, this amount was $450,596.75; in the *Wilson* case, the amount was $1,410,067.25.

The jury's verdict in *Double-O-Bar* was in November of 1974. A hearing on the interest rate issue was had in December. On January 15, 1975, I fixed the interest rate at 8.5% on the deficiency. Wilson's case was tried in April, 1975, and in May, 1975, I fixed the interest rate on the deficiency at 8%. The judgments were not paid, however, until October, 1975, because money was not available. At that time, the government paid into court (and there was distributed) the total amount of the deficiencies, plus 6% interest from the date of taking.

Each case was appealed, and the only issue urged on appeal was the rate of interest awarded on the deficiency.

■ The opinion of the majority of the panel of the Court of Appeals held that by considering only the prime rate, the rate for certificates of deposit, and rates for 90 and 180 day Treasury Bills, I permitted "distort[ion]" to creep into the determination of the proper rate of interest to be awarded the landowners on the deficiency. The Court of Appeals concluded I should have taken into account the rate of return applicable to a Treasury security with a longer maturity date, preferably a maturity date approximating the time between the day of taking and the date of payment to the landowners.

Thus the operative time for these cases would be the time between May 30, 1973, and approximately October 1, 1975, or a period of two and one-third years. Thus, by direction of the Court of Appeals, it is necessary that I take into account the yield of a Treasury obligation of about two and one-third years in length. The material submitted shows that Treasury bonds with a three to five year maturity as of May 30, 1973, were then yielding approximately 6.78%[1]. The Court did not say that I was not entitled to consider other applicable rates which are derived from other, shorter term securities.[2] The evidence at the hearing showed that in the real world the uncertainties of even such "gilt edged" securities as Treasury bonds, as viewed by bankers and others who deal in money, called for a risk factor of somewhat greater amount than merely taking the May, 1973, yield on a two and one-half year Treasury bond.

Assuming, as I must in light of all indices in the record, that 6% is an inadequate rate, if I were to rely *solely* upon those obligations that I am directed to take into consideration the rate would be either 6.78%, as of May 30, 1973, or 6.92% if one looks at the 1973 yearly average for 3–5 year Treasury

bonds (Defendant's exhibit 8), as shown in the Federal Reserve Bulletin. If the source is the Treasury Bulletin, it would be 7.5%, at least as evaluated by the Treasury Bulletin statistics referred to in the Court of Appeals' opinion. (Defendant's exhibit 11.) These figures would differ, of course, if one were to use the averages during the applicable time period, see n. 1; the difference would favor the landowners. (Defendant's exhibit 16a.) I read the opinion merely to require me to *consider* rates of longer term Treasury bonds, along with rates of the other types of obligations used earlier. As a result of doing so, I conclude that the proper interest rate to be awarded Double-O-Bar for its deficiency is 7.75%, and for Lem Wilson the rate is 7.25%.

■ One final adjustment must be made, however, due to the fact that this finding would have produced the interest component of just compensation in addition to that paid by the government in October, 1975, in favor of Double-O-Bar of about $18,000 and Lem Wilson of about $41,000.[3] These amounts should have been paid if the landowners were to receive their full "just compensation." These two landowners did not, in fact, receive this money as of that date because of the pendency of the appeal. In effect, they have had to wait a period of about one and two-thirds more years to receive these funds. Therefore, they have a proper claim for interest on these funds which have been withheld from them during this time period. Such an award is not an impermissible grant of "interest on interest," but is simply an award of interest on the "just compensation" improperly withheld from the landowners since October, 1975. *United States v. 164.25 Acres of Land*, 159 F.Supp. 728 (D.N.H.1957); *United States v. Northern Pac. Ry. Co.*, 51 F.Supp. 749 (E.D.Wash.1943).

1. It is uncertain from the Court's opinion whether one should look to the rate of two and one-half year bonds solely as of May 30, 1973, or to the average of yields of bonds of such maturities during the period from May, 1973, to October, 1975.

2. Indeed, one of the items referred to in the opinion, 543 F.2d at 1276, n. 4, calls attention

to material in the Monthly Treasury Bulletin (for July, 1976, by the way) which refers to bonds which have maturities of at least ten years or more. This footnote, cryptically, did not further adumbrate its applicability.

3. These amounts are approximations only.

Accordingly, Double-O-Bar is entitled to judgment in an amount equal to 1.75% on the deficiency of $450,596.75 from May 30, 1973, until the date of payment in October, 1975, plus 6% on that amount from that date in October, 1975, to the date of payment. Wilson is entitled to the same, except that the rate on the deficiency is 1.25% and the deficiency itself is $1,410.067.25.

I leave it to counsel to do the arithmetic, and to present amended forms of judgments.

The foregoing constitutes findings of fact and conclusions of law pursuant to Rule 52, F.R.Civ.P.