Barbara J. deWEEVER,
Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 78–1445.

United States Court of Appeals,
Tenth Circuit.

Submitted March 13, 1980.
Decided March 28, 1980.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Victor R. Ortega, U. S. Atty., Albuquerque, N. M., Robert E. Kopp and Freddi Lipstein, Civ. Div., Dept. of

Justice, Washington, D. C., for defendant-appellant.

Chris Lucero, Jr., Albuquerque, N. M., for plaintiff-appellee.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

The sole issue in this case is whether the trial court properly awarded interest against the United States on a backpay award based on the 1972 Amendments to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–16, which brought federal employees within the coverage of Title VII.

■ It is settled that interest may be assessed against the federal government only pursuant to express statutory or contractual authorization. *United States v. Alcea Band of Tillamooks*, 341 U.S. 48, 49, 71 S.Ct. 552, 552, 95 L.Ed. 738 (1951); *United States v. Goltra*, 312 U.S. 203, 207, 61 S.Ct. 487, 490, 85 L.Ed. 776 (1941); *Smyth v. United States*, 302 U.S. 329, 353, 58 S.Ct. 248, 252, 82 L.Ed. 294 (1937). The denial of interest absent express authority is based on sovereign immunity. We agree with the First and Third Circuits that Title VII as amended to include federal employees does not provide the necessary express statutory authorization for the award granted by the trial court. *Fischer v. Adams*, 572 F.2d 406, 411 (1st Cir. 1978); *Richerson v. Jones*, 551 F.2d 918, 925 (3rd Cir. 1977).

The judgment of the district court is reversed with directions to dismiss the petition for interest on the backpay award.