UNITED STATES of America, Plaintiff,

v.

319.46 ACRES OF LAND MORE OR LESS, SITUATE IN COTTON AND JEFFERSON COUNTIES et al., Defendants.

No. CIV-76-0584-T.

United States District Court,
W. D. Oklahoma.

Feb. 19, 1981.

Larry D. Patton, John E. Green, Oklahoma City, Okl., for plaintiff.

John W. Norman, Oklahoma City, Okl., for defendants.

## ORDER

RALPH G. THOMPSON, District Judge.

This action is before the Court on the Motion of Defendant Crowley to Enter Judgment on the Commission Report. This

action was commenced by the United States pursuant to the Declaration of Taking Act, 40 U.S.C. § 258a and title to the land vested in the United States on July 21, 1976, upon compliance with the provisions of § 258a. The issue of just compensation was referred to a commission pursuant to Rule 71A, F.R. Civ.P., and the Report of Commissioners concludes that just compensation to this landowner is the sum of $84,804.40. In addition to having judgment entered on the basis of the Commission's Report, the landowner seeks to be awarded court costs, attorneys fees, litigation expenses and compound interest at the rate of 15%.

In response to the defendant's motion, the government makes no objection to the determination of just compensation by the commission but has limited its objections to the requested award of attorneys fees, court costs, litigation expenses, any award of interest in excess of 6% and any award of compound interest.

### Interest

The instructions given the commission provide, in part, as follows:

"The Court will provide for payment of interest by the United States to compensate the landowner for any delay in payment by the government after the date of taking. Therefore, you must not consider or include in your award any interest or sum as compensation for delay between the date of taking and actual payment of compensation."

Thus, the issues of any interest to be awarded has been reserved for the Court's determination.

█ The parties have filed various affidavits and briefs in support of their respective positions concerning the proper rate of interest to be paid on the deficiency. Essentially, the landowner seeks interest at the rate of 15% on the grounds that this interest rate is necessary to provide the full equivalent of the value of the land if such value had been paid contemporaneously with the taking. The government asserts that the Declaration of Taking Act sets out that 6% is to be paid on the deficiency as part of the just compensation and that this 6% constitutes a legislative determination which must not be judicially rewritten. The United States cites *deWeever v. United States*, 618 F.2d 685 (10th Cir. 1980), for the proposition that payment of interest in excess of 6% requires an express statutory or contractual waiver of sovereign immunity.

*deWeever* was an action for back pay brought by an individual against the government pursuant to the 1972 Amendments to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–16. The Tenth Circuit held that the act under which the plaintiff was proceeding did not expressly waive the sovereign immunity of the United States so as to permit an award of interest on that portion of plaintiff's recovery for which the United States had expressly authorized an action and thereby waived its sovereign immunity.

The action presently before the Court stands in a substantially different posture. It was commenced by the United States for the purpose of the acquisition of title to defendant's real property. The statutory procedure utilized by the United States for this condemnation was the Declaration of Taking Act, 40 U.S.C. § 258a. This statute provides that the United States acquires title upon the filing of a declaration of the title to be taken and a deposit into Court of the amount estimated by the United States to constitute just compensation. The statute further provides that, should the estimate of just compensation made by the United States be somewhat deficient, the person entitled to just compensation is entitled to interest on any such deficiency at the rate of six percent "as part of the just compensation."

The obligation of the United States to pay just compensation for a taking arises not from § 258a. Rather, such obligation arises from the following language:

"... nor shall private property be taken for public use, without just compensation."

Constitution, Amendment V.

The question is whether the six percent provided for by Congress in § 258a constitutes just compensation under all circumstances. Plaintiff has cited no pertinent authority by the Tenth Circuit to the effect that six percent constitutes just compensation for all times and under all circumstances. In *United States v. Certain Tracts of Land, et al.,* 225 F.Supp. 549 (D.C.Kan.1964) it was held that the United States was not required to proceed with a condemnation action under the Declaration of Taking Act. A reading of *Catlin v. United States,* 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed.2d 911 (1945), supports this view. In *Catlin,* the Supreme Court indicated that specific statutory procedures and requirements for condemnation proceedings merely add to the otherwise pre-existing rights of both the government and the landowner. Thus, the landowner is always entitled to just compensation as provided for by the Constitution. While § 258a provides a landowner with the right to recover six percent interest on any deficiency to which the landowner is ultimately entitled, this statutory right cannot be used to divest the landowner of his right to just compensation as provided by the Constitution. To hold otherwise would constitute an implied overruling of the holding in *Marbury v. Madison,* 1 Cranch 137, 2 L.Ed. 60 (1803). This Court is not so inclined.

That interest constitutes a part of just compensation in a case of eminent domain cannot be seriously disputed. *Seaboard Air Line Ry. v. United States,* 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664 (1923); *Brooks-Scanlon Corp. v. United States,* 265 U.S. 106, 44 S.Ct. 471, 68 L.Ed. 934 (1924); and *Phelps v. United States,* 274 U.S. 341, 47 S.Ct. 611, 71 L.Ed. 1083 (1927). Thus, the landowner here is entitled to an award of interest upon the deficiency as part of the just compensation required by the Constitution. Additionally, the landowner here has a statutorily created right, pursuant to the Declaration of Taking Act, to interest on the deficiency at the rate of six percent. Inasmuch as the rate of interest due derives from two distinct sources, the rate at which the landowner is to be compensated is that rate which will not deprive the landowner of either the Constitutional or the statutory rate of interest. Stated differently, this landowner, under these proceedings, is entitled to a rate of interest on the deficiency of not less than six percent.

■ In *United States v. 429.59 Acres of Land,* 612 F.2d 459 (9th Cir. 1980), the Ninth Circuit stated that the determination of an appropriate interest rate on a deficiency award should be such that it places the landowner in as good position pecuniarily as he would have occupied if his property had not been taken. In making the factual determination of what investments a reasonably prudent person would make, the Court recognized that the reasonably prudent investor would diversify the risk, and the Court concluded that different kinds of securities with different maturities should be considered. One method approved by the Court was to select a composite of four governmental and private securities with varying lengths of maturities such as six-month treasury bills, four to six month prime commercial paper, ninety-day prime bankers acceptances, and six month bank certificates of deposit. These interest rates are then averaged throughout the period of the deficiency.

■ In determining the appropriate interest rate, this Court has selected a composite of four securities as follows: four to six month prime commercial paper, ninety-day prime bankers acceptances, six-month treasury bills and three to five year U.S. Government securities. The interest rates of these securities have been averaged for the period since July 21, 1976, the date of taking herein, on the basis of the then prevailing interest rate at the date of maturity of any specific security. Computation of these interest rates yields a mean rate of return upon these investments of 8.48 percent from July 21, 1976 through the present. On this basis, the Court hereby fixes the annual interest rate on the deficiency in this case at 8.48 percent.

■ In support of the contention that interest paid on a condemnation deficiency is to be compound interest, the landowner

cites *United States v. 429.59 Acres of Land,* supra. The government has responded that the Ninth Circuit did not expressly approve the compounding of interest in that case but merely refused to reverse because awarding compound interest was not clearly erroneous.

The research conducted by this Court has found only three cases which have considered the question of whether just compensation requires the awarding of simple interest or compound interest. See, *United States v. Northern Pacific Ry. Co.,* 51 F.Supp. 749 (E.D.Wash.1943), *United States v. 164.25 Acres of Land,* 159 F.Supp. 728 (D.N.H.1957) and *United States v. Blankinship,* 431 F.Supp. 403 (D.Or.1977) *on remand* 543 F.2d 1272 (9th Cir. 1976). In *Northern Pacific* and *Blankinship* the courts concluded that compound interest was not an impermissible grant of "interest on interest" but was necessary to provide the full equivalent of the value of just compensation if it had been paid contemporaneously with the taking. In *164.25 Acres,* the court adopted the holding of the *Northern Pacific* court without expanded comment. This Court has found no case holding that landowners are entitled to simple interest only.

The economic reality is simply that if the full value of just compensation had been deposited with the Court contemporaneously with the filing of the declaration of taking, the landowner would have been able to earn compound interest. Thus, prohibiting the landowner from recovering compound interest on the deficiency acts to retroactively reduce the value of just compensation at the time of the taking by undervaluing its present worth. Accordingly, it is the conclusion of the Court that interest paid on the deficiency is to be compound interest instead of simple interest.

### Court Costs, Attorneys Fees and Litigation Expense

■ Defendant landowner seeks to recover the court costs, attorneys fees and litigation expenses incurred in this action on the grounds that after these expenses are deducted from the award the landowner is left with less than the full equivalent of the value of his land paid contemporaneously with the taking. The landowner relies primarily upon the statement of the Supreme Court that there may be exceptions to the general rule that indirect costs to the property owner caused by the taking of his land are generally not part of the just compensation to which he is constitutionally entitled. *United States v. Bodcaw Co.,* 440 U.S. 202, 99 S.Ct. 1066, 59 L.Ed.2d 257 (1979). As this Court interprets the Supreme Court's decision in *Bodcaw,* the Supreme Court did not approve any exceptions to the general rule stated above. Rather, the Court merely declined to state that no exceptions were possible. The implications of *Bodcaw* are that any exceptions to the general rule will be carefully scrutinized for their legitimacy. In *Bodcaw,* the court reaffirmed its statement in *Dohoney v. Rogers,* 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904 (1930), that attorneys' fees and expenses are not embraced within just compensation. Footnote three in *Bodcaw* indicates that litigation expenses cannot be assessed against the United States in the absence of statutory authorization. Finally, the *Bodcaw* Court stated "Perhaps it would be fair or efficient to compensate a landowner for all the costs he incurs as a result of a condemnation action." 440 U.S. at 204, 99 S.Ct. at 1067. This statement states the essence of the landowner's position here.

While the Supreme Court's position is clear that, in the absence of statutory authorization, the expenses sought by the landowner here should be denied, P.L. 96–481 (approved October 21, 1980) provides as follows:

"Sec. 202(a) The Congress finds that certain individuals, partnerships, corporations, and labor and other organizations may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights in civil actions and in administrative proceedings.

(b) The Congress further finds that because of the greater resources and exper-

tise of the United States the standard for an award of fees against the United States should be different from the standard governing an award against a private litigant, in certain situations.

(c) It is the purpose of this title—

(1) to diminish the deterrent effect of seeking review of, or defending against, governmental action by providing in specified situations an award of attorney fees, expert witness fees, and other costs against the United States; and

(2) to insure the applicability in actions by or against the United States of the common law and statutory exceptions to the 'American rule' respecting the award of attorney fees."

Through this act (Equal Access to Justice Act) Congress has provided for the payment of expenses such as are here sought by defendant. However, the payment of such expenses applies only to those actions pending on, or commenced on or after, October 1, 1981. Thus, while Congress has authorized, in principle, the awarding of such expenses, and such authorization is long overdue, *see, United States v. 176.2 Acres of Land,* 212 F.Supp. 399 at 402 (W.D.La.1962), the legislative action comes too late to benefit this landowner. Accordingly, the landowner's request to assess court costs, attorneys fees and litigation expenses against the United States is hereby denied.

In summary, judgment will be entered on the basis of the Report of Commissioners filed herein on October 31, 1980. The United States is directed to pay, as a portion of the just compensation due, interest at the rate of 8.48 percent compounded annually upon all monies due to the landowner as a result of any deficiency in the deposit on the date of taking. The United States is directed to prepare a judgment consistent with this Order and to submit it to the Court for approval within ten days.