WALTHAM TELE-COMMUNICATIONS & others[1] *vs.*
JAMES J. O'BRIEN & another,[2] trustees
(and two companion cases[3]).

Middlesex.   October 6, 1988. — January 9, 1989.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Community Antenna Television Systems. Eminent Domain,* Jury trial. *Statute,* Construction.

General Laws c. 166A, § 22, granting cable television operators a right of entry to install cable television facilities in multiple-dwelling units at the request of one or more tenants, is unconstitutional in that, although it provides for an administrative determination of compensation to the property owner, subject to limited judicial review in the Superior Court under G. L. c. 30A, the State Administrative Procedure Act, it fails to provide for a jury determination of just compensation in compliance with art. 15 of the Massachusetts Declaration of Rights. [749-753]

CIVIL ACTIONS commenced in the Superior Court Department on July 7, 1986, October 9, 1986, and February 17, 1987, respectively.

The cases were consolidated and heard by *Robert J. Hallisey,* J., on motions for summary judgment.

The Supreme Judicial Court granted requests for direct appellate review.

---

[1] The Attorney General and the Community Antenna Television Commission were allowed to intervene.

[2] Katlin D. O'Connor, each a trustee under declaration of trust dated April 19, 1972, of Windsor Ridge of Westborough Company.

[3] Greater Worcester Cablevision, Inc. *vs.* Carabetta Enterprises, Inc.; Joseph Carabetta; Lincoln Street Realty Company (Lincoln Village); American Satellite Cable Corporation; Fife, Inc.; Channel One, Inc.; James J. O'Brien and Katlin D. O'Connor, trustees.

Karen Toney & others, trustees, & Channel One Systems, Inc. *vs.* Waltham Tele-Communications. The Attorney General and Community Antenna Television Commission intervened.

*Suzanne E. Durrell,* Assistant Attorney General, for the interveners.

*Michael P. Angelini* for Greater Worcester Cablevision, Inc.

*Walter H. Mayo, III,* for Waltham Tele-Communications, was present but did not argue.

*Stephen Wald (Martin P. Desmery* with him) for James J. O'Brien & others.

*Christine S. Vertefeuille* of Connecticut (*Andrew R. Lubin* of Connecticut & *Joanne E. Romanow* with her) for Lincoln Street Realty Company & others.

LIACOS, J. The plaintiffs Greater Worcester Cablevision, Inc. and Waltham Tele-Communications (cable operators) brought complaints, which were consolidated in the Superior Court, seeking declaratory judgments as to their right of access to privately owned properties. The cable operators seek access in order to install cable television facilities for residents living in multiple-dwelling units located in buildings in Waltham, Worcester, and Westborough. The cable operators assert such rights, pursuant to G. L. c. 166A, § 22 (1986 ed.).[4] The defendants James J. O'Brien, Katlin D. O'Connor, Carabetta Enterprises, Inc., Joseph Carabetta, and Lincoln Street Realty Company (property owners) challenge the constitutionality of G. L. c. 166A, § 22.[5] The Attorney General and the Community

---

[4] In 1986, the cable operators received requests for cable services from tenants of buildings owned by the property owners. The operators notified the owners of their intent to install equipment and lines necessary to provide cable television service to the tenants, in accordance with the provisions of G. L. c. 166A, § 22. The property owners objected to the claimed right of entry and demanded compensation.

[5] Defendants American Satellite Cable Corporation (AmSat), and Channel One Systems, Inc. (Channel One), are operators of "satellite master antenna television" who have entered into agreements with the property owners to provide television signals to the tenants of Lincoln Village and Windsor Ridge, respectively. AmSat and Channel One claim that they are entitled to just compensation for the losses they will suffer if the right of access is granted to the cable operators. We do not address this contention; nor do we make any determinations regarding the standing of these defendants to challenge the constitutionality of G. L. c. 166A, § 22.

The trustees of Northgate Gardens Condominium Trust also make claims for just compensation. We do not decide here whether G. L. c. 166A, § 22, applies to condominium units.

Antenna Television Commission (cable commission) intervened in these actions.

On cross motions for summary judgment, a judge in the Superior Court held that G. L. c. 166A, § 22, is unconstitutional in that it fails to provide for a jury determination of just compensation.[6] The plaintiffs, on appeal, maintain that the statute can be read to provide for a jury trial. We disagree and affirm the decision of the lower court.

The parties are in agreement that art. 15 of the Massachusetts Declaration of Rights[7] secures the right to a jury determination of just compensation in eminent domain cases. See *D'Annolfo* v. *Stoneham Hous. Auth.*, 375 Mass. 650, 662 (1978); *Chadwick* v. *Proprietors of Haverhill Bridge*, 2 Dane's Abr. 686 (1787); 1A Nichols, Eminent Domain § 4.105[3], at 145-146 n.19 (1985). The question for this court is whether G. L. c. 166A, § 22, provides for a jury trial in compliance with art. 15.[8] We conclude that § 22 cannot be read fairly to provide for a jury trial.

General Laws c. 166A (1986 ed.) provides a comprehensive framework for the regulation of cable television in Massachusetts with the principal task of regulation delegated to the cable commission. Section 22, which is set out in relevant part in

---

[6] The United States District Court for the District of Massachusetts found G. L. c. 166A, § 22, as amended by St. 1977, c. 225, to be unconstitutional in that the right of access comprised a taking for which the statute provided no just compensation. See *Greater Worcester Cablevision, Inc.* v. *Carabetta Enterprises, Inc.*, 682 F. Supp. 1244 (D. Mass. 1985). The parties agree that the entry and installation of equipment and lines for cable television, under § 22, as amended after the Federal case, would constitute a "taking" under Federal and State law. See *Loretto* v. *Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 441 (1982).

[7] Article 15 provides in relevant part: "In all controversies concerning property . . . the parties have a right to a trial by jury . . . ."

[8] We reject the plaintiffs' contention that, because the defendants did not request a jury trial in their pleadings they have waived any claim that § 22 unconstitutionally deprives them of a jury trial. In their answer, the defendants Carabetta Enterprises, Inc., Joseph Carabetta, and Lincoln Street Realty Company pleaded the defense that § 22 is unconstitutional. Their attack on the validity of that section is a facial attack properly raised by at least these defendants. This issue was the only issue addressed by the motion judge and is the basis of the plaintiffs' appeal.

the margin,[9] grants cable operators a right of entry to install cable television facilities in multiple-dwelling units if one or more tenants request cable services. The statute provides a detailed procedure for determining compensation. It provides that "compensation [is] to be determined in accordance with the provisions of this section." The section requires that, if the owner of a multiple-dwelling unit wishes to receive more than one dollar as compensation for the taking, he must serve written

---

[9] "No person owning, leasing, controlling or managing a multiple dwelling unit or units shall prohibit or otherwise prevent an operator from entering such buildings for the purposes of constructing, installing or servicing CATV [cable television] system facilities if one or more tenants or occupants of a multiple dwelling unit or units have requested such CATV services. . . .

"If the owner of such multiple dwelling unit intends to require the payment of a sum in excess of one dollar in exchange for permitting the installation of CATV system facilities, such owner shall serve written notice thereof upon the operator within twenty days of the date when such owner is notified that the operator intends to construct or install CATV system facilities in his multiple dwelling unit. Unless timely notice, as herein provided, is given by the owner to the operator, it shall be presumed conclusively that the owner does not claim or intend to require the payment of a sum in excess of a one time payment of one dollar in exchange and as compensation for permitting the installation of CATV system facilities.

"Any owner who has given timely notice to the operator may assert a claim for reasonable compensation in excess of one dollar for permitting the installation of CATV system facilities. Within thirty days after notice has been given by said owner of his intent to demand additional compensation, the owner shall advise the operator in writing of the amount claimed as reasonable compensation. If within sixty days after the receipt of the owner's claim the operator has not agreed to pay the amount claimed or some other amount acceptable to the owner, the owner may bring an action before the commission pursuant to such rules and regulations as the commission may promulgate to enforce such claim for compensation. Any such action shall be brought within six months of the notice informing the operator of the amount claimed. . . .

"Neither the giving of a notice as described above, nor the assertion of a specific claim, nor the initiation of legal action to enforce such claim, shall delay or impair the right of an operator to construct, install or repair CATV system facilities and maintain said CATV services. The superior court shall have original jurisdiction to enforce the provisions of this section.

"A cable television operator shall indemnify the landlord for any damage caused by the installation, operation or removal of cable television facilities. An owner of property may require that the installation of cable television facilities conform to such reasonable conditions as are necessary to protect the safety, functioning and appearance of the premises, and the convenience and well being of other tenants."

notice upon the cable operator within twenty days after the landowner learns of the intended installation of the cable system.[10] The owner then has thirty days in which to inform the operator of the amount claimed as reasonable compensation. "If within sixty days after the receipt of the owner's claim the operator has not agreed to pay the amount claimed . . . the owner may bring an action before the commission . . . . Any such action shall be brought within six months of the notice informing the operator of the amount claimed."

In addition, G. L. c. 166A, § 19, was amended in 1985 to subject hearings before the cable commission under § 22 to the provisions of G. L. c. 30A (1986 ed.). St. 1985, c. 644, § 1. General Laws c. 30A, § 14, provides in part: "Except so far as any provision of law expressly precludes judicial review, any person or appointing authority aggrieved by a final decision of any agency in an adjudicatory proceeding, whether such decision is affirmative or negative in form, shall be entitled to a judicial review thereof . . . . Where no statutory form of judicial review or appeal is provided, judicial review shall be obtained by means of a civil action . . . ." Last, § 14 (5) explicitly states that such "review shall be conducted by the court without a jury and shall be confined to the record."

We are mindful of "our duty to construe a statute in a way to avoid constitutional problems." *Attorney Gen.* v. *Colleton*, 387 Mass. 790, 800 (1982). See *Beeler* v. *Downey*, 387 Mass. 609, 613-614 (1982). In this case we cannot avoid the conclusion that § 22 fails to allow for a jury trial. Nowhere in c. 166A, § 22, is there any reference to a jury proceeding. The Legislature knows how to provide explicitly for a jury trial in eminent

---

[10] The statute establishes a presumption that reasonable compensation shall be one dollar, which may be rebutted by evidence that the owner has a "specific alternative use" for the space occupied by the cable facilities or that the cable installation will "otherwise substantially interfere" with the use and occupancy of the unit to the extent it causes a decrease in the value of the real estate. We do not address the contention that this aspect of § 22 imposes a binding rule of compensation in violation of art. 10 of the Massachusetts Declaration of Rights. The judge made no decision regarding this issue. See *Spence* v. *Boston Edison Co.*, 390 Mass. 604, 615 (1983).

domain cases and has done so on numerous occasions.[11] The Legislature chose not to do so here. We cannot rewrite the statute to add the requirement of a jury trial omitted by the Legislature. See *Attorney Gen.* v. *Colleton, supra; Beeler* v. *Downey, supra* at 617.

The cable operators argue that the statute provides for a jury trial. They read the granting of original jurisdiction to the Superior Court (see note 8, *supra* ) as giving the owner a choice between bringing an action before the cable commission or before a jury. The suggestion that the Legislature intended to provide for an alternative procedure through a mere statement of jurisdiction is implausible.[12] Under the cable operators' reasoning the detailed procedures comprising the bulk of G. L. c. 166A, § 22, would be wholly optional at the election of the owner. We decline to accept the strained conclusion that the comprehensive administrative compensation scheme crafted by the Legislature may be ignored in its entirety by the landowner so as to pursue a jury trial right.

The Attorney General argues that § 22 provides for the right to a jury trial but claims that the right attaches on appeal after the cable commission has determined the amount of compensation. This reading conflicts with the language of G. L. c. 166A, § 19, which provides that "[t]he hearing provided for in section[] . . . twenty two, *shall* be subject to the provisions of chapter thirty A" (emphasis added). The Legislature's choice of the word "shall" does not allow for any option on the part of the aggrieved party to choose a jury trial as part of an appeal from the agency decision. See *Hashimi* v. *Kalil,* 388 Mass. 607, 609 (1983), and cases cited. The only form of appeal permitted by G. L. c. 166A explicitly provides for limited court review "without a jury." G. L. c. 30A, § 14 (5).

---

[11] In other eminent domain statutes, the Legislature has incorporated the provisions of G. L. c. 79 (1986 ed.), which provides for a jury trial. See, e.g., G. L. c. 33, § 126 (1986 ed.); G. L. c. 48, § 5 (1986 ed.); G. L. c. 71, § 16 (1986 ed.); G. L. c. 132, § 33 (1986 ed.).

[12] We construe the jurisdiction given to the Superior Court to be limited to the enforcement of the right of entry and other provisions set forth in G. L. c. 166A, § 22.

In conclusion, § 22 provides for an administrative determination of compensation, subject to limited judicial review in the Superior Court under the State Administrative Procedure Act. Because § 22 does not provide for the right to a jury determination of compensation, we hold that it is unconstitutional.

*Judgments affirmed.*