**UNITED STATES of America, Plaintiff,**

v.

**Clarence R. HOWELL, Robert C. Smith and Joyce E. Smith, et al., Defendants.**

**Civ. No. 64–269.**

United States District Court
D. Oregon.

Nov. 10, 1965.

Joseph E. Buley, Asst. U. S. Atty., Portland, Or., for plaintiff.

George H. Corey and Alex M. Byler, of Corey, Byler & Rew, Pendleton, Or., for defendants.

KILKENNY, District Judge.

Defendant, West Extension Irrigation District (District), a quasi-public corporation, organized under the laws of the state of Oregon, claims, in this condemnation proceeding, a compensable interest over and above the just compensation awarded to the owners of the fee. It is admitted that six acres of the land condemned was subject to an annual assessment by the District, for operation and maintenance charges.

In support of its views, the District cites Judge Fee's opinions in United States v. Aho, 68 F.Supp. 358 (D.Or. 1944) and United States v. Florea, 68 F. Supp. 367 (D.Or.1945); also cited are State v. Human Relations Research Foundation, 64 Wash.2d 262, 391 P.2d 513, and Adaman Mutual Water Company v. United States, 278 F.2d 842 (9th Cir. 1960).

Judge Fee, in his opinion in *Florea*, recognized the distinction between an irrigation and a drainage district.[1] Both *Aho* and *Florea* involved drainage district assessments. It is not surprising, in view of Judge Fee's comments in *Florea*, that when he was faced with the precise problem in Columbia Irrigation District v. United States, 268 F.2d 128 (9th Cir. 1959), he held that the right of a district

---

1. "In several particulars there is a vast gulf, both practically and theoretically, between irrigation and drainage-diking. Irrigation water can be withheld so that no use can be made of the land, unless there is payment of assessments. Drainage-diking benefits cannot be withheld without substantial and irreparable injury to the community. The benefits are thus irrevocable to the land itself. By no possibility can it be held that they do not touch and concern both the benefited and the burdened land. In irrigation, when the easement for carriage is destroyed or the real property right to have the water is done away with by abandonment, failure to make beneficial use, or waiver, there is neither benefit or burden to touch and concern the land. The discussion of drainage and diking will show that these distinctions have been applied by the Oregon court." (68 F.Supp. 367 at 371.)

to levy annual assessments for operation and maintenance was not compensable.[2] Here, there is no claim that the irrigation district owned an interest in ditches or canals located on the property taken.

Adaman Mutual Water Company v. United States, supra, involved a private non-profit water company, where the purchasers of land within the project became obligated to pay pro-rata assessments for water. There, the court distinguished the rights of such a company from the rights of a statutory creature, such as an irrigation district.[3]

State v. Human Relations Research Foundation, supra, involved the construction of a Washington statute which specifically required the State Highway Commission of that state, in condemnation proceedings, to pay to an irrigation district, among other sums, "a sum sufficient to produce, if invested, an amount equal to the annual increase in operation and maintenance costs against the lands remaining in the district resulting from the severance from the district of the lands acquired by the state Department of Highways." Obviously, the decision in that case cannot be employed to arrive at a proper solution of the problem here presented.

I do not hold to the view that Peninsula Drainage District No. 2, v. City of Portland, et al, 212 Or. 398, 320 P.2d 277, is helpful to either party. First of all, a drainage district, rather than an irrigation district is involved. Secondly, the author's conclusions, at first glance, would seem to be in direct contradiction of the views expressed in *Aho* and *Florea.* However, Judge Brand suggests an important distinction between the cases. The case does have some value, by reason of Judge Brand's articulation on federalism and the sovereign immunity of the United States against assessments by quasi-municipal corporations, such as a drainage district. Judge Brand, unlike Judge Fee, did not distinguish between the basic concepts of irrigation and drainage districts.

On the issue before the court, the District has no compensable right over and above the just compensation awarded to the owner.

If the District feels that the subject is worthy of an appeal, I would suggest the formulation of a supplemental pretrial order. Such an order should contain an agreed statement of facts.

2. "The mere fact that it was an economic advantage for the District to sell a service to the people included within its boundaries is not compensable. The removal of these lands from the boundaries of the District may have rendered its business unprofitable, but, if that were all that is involved, the government is not liable therefor." (268 F.2d 128 at 131–132.)

3. "The case at bar is, of course, decisively unlike those cases in which the loss of the power to assess amounted to no more than a diminution of the statutory taxing power possessed by the instrumentality claiming the loss. When the right to assess cannot be distinguished from the taxing power, the interest lost is clearly non-compensable. To allow compensation would be to subject the United States to the taxing power of the several states, a result offensive to the Constitution since M'Culloch v. State of Maryland, 1819, 4 Wheat. 316, 17 U.S. 316, 4 L.Ed. 579. * * * In the instant case the right to assess does not lie with any governmental authority endowed by legislation with the power to tax. Accordingly, the award of compensation here would in no way impinge upon the basic principles of federalism at play in the cases cited above." (278 F.2d 842 at 849.)