**UNITED STATES of America, Plaintiffs-Appellants,**

v.

**129.4 ACRES OF LAND, MORE OR LESS, IN the COUNTY OF YUMA, STATE OF ARIZONA, and Fred W. Kamrath, et al., and Unknown Owners, Defendants-Appellees.**

**No. 76–3538.**

United States Court of Appeals, Ninth Circuit.

April 12, 1978.

William C. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiffs-appellants.

Larry G. Gutterridge (argued), Dept. of Justice, Washington, D. C., Thaddeus, G. Baker (argued), Yuma, Ariz., for defendants-appellees.

Before BROWNING and TANG, Circuit Judges, and THOMPSON,* District Judge.

TANG, Circuit Judge.

This is an appeal from an order of partial summary judgment ordering the United States to pay compensation to the Yuma Mesa Irrigation and Drainage District (District) for 77.4 acres condemned by the United States. The district court certified its order under 28 U.S.C. Sec. 1292(b), and we have granted permission to appeal.

The District, a corporate political subdivision of the State of Arizona, is part of the Gila Project, a federal reclamation and irrigation project constructed pursuant to the Gila Project Act, 43 Stat. 702 (December 5, 1924), and the Gila Project Reauthorization Act, 61 Stat. 628 (July 30, 1947). The District is obligated by contract with the Secretary of the Interior to repay both the construction costs of the District's lined lateral system and pumping stations and its proportionate share of the operation and

* Honorable Gordon Thompson, Jr., United States District Judge for the Southern District of California, sitting by designation.

maintenance costs of the Gila Project works. The District makes annual assessments upon all the irrigable land within its boundaries to meet those expenses; unpaid assessments become liens upon the land. A bundle of contract and statutory provisions ensure that each irrigable acre within the District pays its fair share of these common costs. Because of the way in which the canal and lateral system were built, the District cannot substitute other acreage outside the District for that taken by the United States without incurring substantial capital costs.

The District claims that it is entitled to compensation for the reduction in its assessment base and for the construction costs it is obligated to repay that are chargeable to the 77.4 acres. The United States has agreed to pay for the construction costs but not for the reduction in the assessment base.

The primary issue presented by this appeal is the proper interpretation of our decision in *Adaman Mutual Water Co. v. United States*, 278 F.2d 842 (9th Cir. 1960). In *Adaman*, we held that a private non-profit water company's right to assess for operation and maintenance charges was compensable.

We note that *Adaman* has been interpreted in two district court opinions in this circuit prior to this case, *People of State of California v. 25.09 Acres*, 329 F.Supp. 230 (S.D.Cal.1971) and *United States v. Howell*, 251 F.Supp. 787 (D.Or.1965). Those cases presented essentially the same issue and reached different results. In *People of State of California*, the United States took the position advocated by the District in this case and was successful. The district court in this case decided that the interpretation of *Adaman* offered in *People of State of California* was the better view. We agree that the interest of the District in these lands was compensable under *Adaman*.

The district court opinion, published at 446 F.Supp. 1 (D.Ariz.1976), gives a full and well-reasoned exposition of the proper application of *Adaman*. We confirm and adopt that opinion as the opinion of this Court.

AFFIRMED.