UNITED STATES of America, Plaintiff,

v.

129.4 ACRES OF LAND, MORE OR LESS, IN the COUNTY OF YUMA, STATE OF ARIZONA; Fred W. Kamrath, et al., and Unknown Others, Defendants.

No. CIV 75–166 PHX–CAM.

United States District Court, D. Arizona.

Feb. 14, 1985.

Richard S. Allemann, Asst. U.S. Atty., Phoenix, Ariz., for U.S.

Thaddeus G. Baker, Yuma, Ariz., for defendants.

## ORDER

MUECKE, District Judge.

Having received and considered Defendants' memorandum In Re Damages, filed May 10, 1982; Plaintiff's Post Trial Memorandum, filed July 7, 1982; Defendant Yuma Mesa Irrigation District's Reply Memo-Issue of Just Compensation, filed July 29, 1982; Defendants' Findings of Fact and Conclusions of Law, filed July 9, 1982; Plaintiff's Proposed Findings of Fact and Conclusions of Law, filed July 13, 1982, and the Joint Memorandum and affidavit, filed January 22, 1985, this Court finds and concludes as follows:

This matter concerns the recovery of the loss of annual income incurred by Defendant Yuma Mesa Irrigation and Drainage District ("District") due to a taking of property by Plaintiff. The taking at issue concerns the loss of income to the District based upon the removal of property from the assessment base of the District from which it obtains funds to repay the costs of a federal water reclamation project. The only issue remaining before this Court consists of the calculation of the damages which will be incurred in the District due to the loss of income. At trial, both parties presented expert testimony in an attempt to clarify the proper procedure to be implemented in such a calculation. Before a determination of the proper method is achieved, it is helpful to describe the result which is sought in this action. To adequately compensate the District due to its loss of annual income, it must be provided with a sufficient amount today that will provide it with adequate funds to cover the costs incurred each year for the remainder of the contract period. Based upon the need to make annual withdrawals, this Court cannot simply rely upon the use of present values as presented by Plaintiff.

## FINDINGS OF FACT

Based upon the evidence presented at the trial held February 1–4, 1982, this Court makes the following findings of fact:

On March 20, 1975, Plaintiff filed its Complaint in Condemnation and Declaration of Taking in the above-captioned case, and thereupon full fee simple title to the 129.4 acres described in the Complaint in

Condemnation, subject to certain road easements, vested in the United States. Of the 129.4 acres thus acquired by the Plaintiff, approximately 77.3 acres lie within the Yuma Mesa Irrigation and Drainage District. The Yuma Mesa Irrigation and Drainage District is a political subdivision in the State of Arizona and a part of the Yuma Mesa division of the Gila Project, a federal reclamation project as redefined by Congress under the Gila Project Reauthorization Act, 61 Stat. 628 (July 30, 1947).

Of the land taken, 77.3 acres were considered "irrigable" under the reclamation law and under the contract existing between the District and the Secretary of Interior and entitled to waters from the Colorado River pursuant to the Boulder Canyon Project Act, 45 Stat. 1057, and under the general reclamation laws of the United States. Pursuant to a contract with the Secretary of the Interior, the District is obligated to repay both the construction costs of the District's lined lateral system and pumping stations and its proportionate share of the operation and maintenance costs of the Gila Project works. Accordingly, the costs of the project also are spread proportionately, with the 77.3 acres being responsible for its pro-rata share of construction costs and operation and maintenance costs incurred and to be incurred in the construction and operation of the project.

Pursuant to the prior ruling of this Court dated May 26, 1976, affirmed by the Ninth Circuit in 572 F.2d 1385 (9th Cir.1978), the reduction of the assessment base of the district by the loss of 77.3 acres was and is a compensable property right in favor of the District.

■ In an attempt to quantify the loss of this compensable property right, a projection of the future operation and maintenance costs of the District should be made. To calculate the loss, this Court must consider the actual operation and maintenance charges of the District per acre as the proper measure of the loss as opposed to the use of the annual assessment imposed by the Board of Directors of the District against these lands.

The annual assessment should not be utilized in such a calculation as it is a variable, dependent upon a number of considerations such as the use of reserve funds, sale of excess water, and the judgment of the board of the District on an annual basis and is an uncertain basis upon which to make a projection as to future costs.

The actual operation and maintenance costs per acre of land within the District per year since the date of taking (March 20, 1975) are as follows:

| YEAR | TOTAL ACTUAL COST |
|------|-------------------|
| 1976 | $38.62 |
| 1977 | $37.71 |
| 1978 | $29.56 |
| 1979 | $42.81 |
| 1980 | $51.77 |
| 1981 | $56.45 |
| 1982 | $58.35 |
| 1983 | $58.63 |
| 1984 | $60.93 |

The remaining period of obligation under the repayment contract is 36 years. Establishing a forecast as to the future loss of operation and maintenance charges, the remaining period of the contract is a reasonable basis upon which to project these costs. Based upon the fact that the 1984 costs are the most recent costs available, they provide a more accurate basis upon which to determine the amount of future losses to be incurred by the District.

A reasonable basis for calculating the compensation to be paid is to measure and multiply the 1984 net revenue loss per acre, $60.93, times 77.3, the number of acres, times the remaining term of the contract, 36 years, or $169,775.28 (60.93 × 77.3 × 36 = 169,775.28).

The payment of this sum will enable the District to deduct the annual operation and maintenance charges attributable to the 77.3 acres for each of the next 36 years, resulting in a zero balance or reasonably close to a zero balance at the end of the contract period.

As the District's expert pointed out, the historical operation and maintenance costs have tracked the changes in the cost of living (CPI) and closely paralleled the increases and decreases in that index of costs. It was also shown that the historical operation and maintenance costs have further paralleled on an indexed basis the short term government bonds and treasury bills available for investment. Further, the appropriate inflation rate of the costs incurred by the District was shown to be 9% per year. In other words, and as testified to by the District's expert, annual interest earned on the principal will cover the annual increased costs. It should also be noted that the District is a political subdivision and its investment policy is limited by the specific terms of A.R.S. § 45–1578.01.

■ Based upon the fact that the historic and projected costs of operation and maintenance should reasonably parallel the changes in the cost of living CPI and changes in the investment return of short term government bonds and notes, and considering the District's need to make annual withdrawals to cover such costs, there is no occasion to discount the above-mentioned sum to its present value. Thus, a reasonable present award is the sum of $169,-775.28.

There is no dispute that since the inception of this lawsuit, the Department of the Navy has voluntarily paid the District the costs that have been incurred each year. The District is therefore not entitled to be compensated for those years, up to and including 1984.

The District, since the date of taking, has earned upon its investment of the reserve funds required under the contract an average compound interest rate of 8.73%. This Court finds that the average compound interest rate of 8.73% is consistent with the marketplace and is a reasonable sum to be assessed against any award herein.

Therefore, the sum of $169,775.28 is held to be just compensation and shall bear interest at the compound rate of 8.73% until paid.

## CONCLUSIONS OF LAW

The Yuma Mesa Irrigation and Drainage District is a political subdivision of the State of Arizona and a federal reclamation project under the Gila Project Reauthorization Act, 61 Stat. 628 (July 30, 1947).

On March 20, 1975, the United States, as a matter of right, acquired the property involved herein from the District. By virtue of such taking the defendant, Yuma Mesa Irrigation and Drainage District, lost its assessment base in the 77.3 acres included within the perimeter of the District.

■ As was stated above, this Court previously held on May 26, 1976, and was affirmed by the Ninth Circuit at 572 F.2d 1385 (9th Cir.1978), that the loss of the 77.3 acres from the District and the loss of the right to assess these properties for ongoing operation and maintenance costs is a compensable property right in favor of the District. The sum necessary to defray these annual costs, taking into consideration the contemplated changes in the costs of operation and maintenance service, the investment return on the money, and inflationary changes is in the sum of $169,-775.28.

Based upon the changes in the marketplace, the reasonable rate of return upon any award in condemnation during the period of this lawsuit, 1975–1984, has exceeded the statutory amount of 6% as provided in the Declaration of Taking Act, 40 U.S.C. § 258a. In order to afford due process in this instance the District is thus entitled to sum in excess of the statutory interest rate. It was shown that the District has earned upon its investment program a return of 8.73% and therefore the compounded sum of 8.73% is a reasonable return on investments and any sum awarded herein will bear interest at the compound rate of 8.73% until paid. Further, the District is entitled to the above-stated interest on and after the entry of this judgment until paid.

The District has been made whole for all charges it has incurred from the date of the taking through December 31, 1984. The remainder of the repayment contract

between the District and the Secretary of the Interior runs through December 2021, a period of 36 years. Therefore, the appropriate term to calculate the loss of future annual income to the District is 36 years. The inflation rate of the annual costs to the District has been shown to be 9% per year. There is also a need to include in the calculation the annual use of funds based upon the annual allocations of cost.

Accordingly, this Court finds the said net award of $169,775.28 is just compensation and in satisfaction of the due process requirements of the law.

Based upon the foregoing,

IT IS ORDERED that Plaintiff's Proposed Findings of Fact and Conclusions of Law, filed July 13, 1982, and Defendants' Findings of Fact and Conclusions of Law, filed July 9, 1982, are adopted to the extent reflected herein.

IT IS FURTHER ORDERED that the Plaintiff pay the Defendant Yuma Mesa Irrigation and Drainage District the sum of $169,775.28, together with interest at the compound rate of 8.73% until paid.

IT IS FINALLY ORDERED that the Clerk enter judgment in accordance with this Order.