**FLORIDA ROCK INDUSTRIES, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 266–82L.**

United States Claims Court.

July 31, 1991.

---

John A. DeVault, III, with whom were C. Warren Tripp, Jr., Jane A. Lester, and John Tolson, Jacksonville, Fla., for plaintiff.

Fred R. Disheroon, with whom was David Kaplan, Washington, D.C., for defendant.

## ORDER

SMITH, Chief Judge.

This case comes before the court on application by plaintiff Florida Rock Industries, Inc. (Florida Rock) for attorney fees, litigation expenses and compound interest pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970. While defendant concedes that some award should be made to Florida Rock, it contends that Florida Rock's request should be substantially reduced to reflect what the government considers were the reasonable hours expended by plaintiff's attorneys and the reasonable expenses incurred. Therefore, the issue before the court in this case is to determine what constitutes a reasonable award for plaintiff.

## FACTS

Florida Rock brought this action in 1982 under the Tucker Act, 28 U.S.C. § 1491 (1982), seeking just compensation for the alleged taking of approximately 1,560 acres of property owned by Florida Rock in Dade County, Florida. Separate proceedings on liability and damages were held before Chief Judge Kozinski, and on May 29, 1985, judgment was entered for Florida Rock in the amount of $1,029,000. This amount was awarded in regard to 98 acres out of the 1,560 acres claimed to have been taken. Both parties appealed, and the Federal Circuit reversed and remanded the Claims Court's finding that a taking of 98 acres had occurred, but affirmed the finding that no taking of 1,560 acres could be shown. On remand, the Claims Court conducted further proceedings, and on July 23, 1990, entered judgment for Florida Rock in the sum of $1,029,000.

The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 provides that:

> [t]he court rendering a judgment for the plaintiff in a proceeding brought under section 1346(a)(2) or 1491 of title 28, awarding compensation for the taking of property by a Federal agency ... shall determine and award or allow to such plaintiff, as a part of such judgment or settlement, such sum as will in the opinion of the court ... reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding.

42 U.S.C. § 4654(c) (1988). Florida Rock claims that it is entitled to a monetary award of its attorney fees and costs for the entire litigation on the basis that Florida Rock was ultimately successful in obtaining a determination that the Army Corps of Engineers' action resulted in a taking of Florida Rock's property requiring compensation.

The defendant argues that attorney fees and expenses should not be awarded for the initial proceedings before Chief Judge Kozinski, for the appeal to the Federal Circuit which Florida Rock lost in all respects, and for what are claimed to be unnecessary and excessive hours expended on all phases of the case.

## DISCUSSION

1. *Entitlement to Litigation Costs and Attorney Fees for the Initial Liability and Valuation Proceedings*

■ Relying on the fact that Florida Rock lost the appeal from Chief Judge Kozinski's decision, the defendant argues that attorney fees and expenses associated with the liability and valuation proceedings should be disallowed entirely because they did not contribute to Florida Rock's eventual success in any way. However, a party should be awarded all reasonable fees and expenses concerning major issues on which

it ultimately prevails, even though the party may not be successful with every aspect of the litigation concerning that issue. *Twin City Sportservice, Inc. v. Charles O. Finley & Co.,* 676 F.2d 1291, 1316 (9th Cir.1982), *cert. denied,* 459 U.S. 1009, 103 S.Ct. 364, 74 L.Ed.2d 400 (1982). Therefore, Florida Rock should receive reasonable fees and expenses for its litigation of the initial liability and valuation proceedings.

In a procedurally similar case, the Court of Appeals for the Ninth Circuit held that where a party prevails at trial, is reversed on appeal and on remand is again successful, under such circumstances, the party is entitled to recover all fees reasonably expended at the first trial and at the appellate level. *Id.* Florida Rock litigated its case in a reasonable and prudent manner, and it was ultimately successful. The fact that Florida Rock lost at one stage of the entire litigation should not bar recovery for fees and expenses on issues with which it was ultimately successful.

The fact that Florida Rock ultimately prevailed, however, does not mean that it is entitled to a recovery of all attorney fees and expenses arising from its litigation of this case. The Supreme Court has held that a party may not recover fees and expenses for work on a distinctly different and unsuccessful claim because such work is not performed in pursuit of the ultimate result achieved. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In his order awarding Florida Rock attorney fees and expenses for the initial proceedings of this case, Chief Judge Kozinski found that Florida Rock's claim for a taking encompassing the entire 1,560 acres was separate and distinct from the taking claim limited to 98 acres, and no fees were warranted with regard to the 1,560 acre taking claim. On this issue, Florida Rock acknowledges and accepts Chief Judge Kozinski's previous finding that it should not recover fees and expenses for time spent on its unsuccessful 1,560 acre taking claim.

Based on his familiarity with the initial proceedings, Chief Judge Kozinski made a 15% reduction in the number of hours and a corresponding 10% reduction in the expenses claimed by Florida Rock, which he felt fairly represented the amount of time and expenses specifically allocated to the 1,560 acre issue. This court recognizes and accepts Chief Judge Kozinski's findings due to the fact that Chief Judge Kozinski was in the best position to make an allocation of time and expenses devoted solely to the taking issue concerning the 1,560 acres.

2. *Entitlement to Fees and Expenses for Applications for Attorney Fees and Expenses*

■ Florida Rock also applies for attorney fees and expenses incurred in the preparation of both applications for attorney fees and expenses, the one submitted after the liability and valuation proceedings and the current one. The government argues that Florida Rock is not entitled to fees for the time and effort which was spent preparing the initial application before Chief Judge Kozinski.

This court has previously recognized that an award for attorney fees and expenses incurred in preparation of an application for fees and expenses in inverse condemnation cases is appropriate. *E.g., Cloverport Sand & Gravel Co. v. United States,* 10 Cl.Ct. 121 (1986). This is consistent with the policy of making a landowner whole for the loss that he sustains as the result of an inverse condemnation action. Therefore, an award is appropriate for fees and expenses incurred in Florida Rock's preparation for both the original application and the current application, which adopts the prior application *en toto.*

3. *Entitlement to Attorney Fees and Litigation Expenses for Appellate Proceedings*

■ The government argues that litigation costs for the appellate proceedings in the Federal Circuit should be disallowed entirely because Florida Rock lost in every respect on appeal. The government is correct that Florida Rock should not be awarded fees and expenses incurred litigating the 1,560 acre claim on cross-appeal because Florida Rock did not ultimately prevail on

this issue. However, Florida Rock should not be denied fees and expenses incurred litigating the 98 acre issue on appeal. Even though the plaintiff was not successful at this level, the fees and expenses incurred were reasonable in that they were necessary for the plaintiff to ultimately prevail on the issue. *See Twin City Sportservice, Inc. v. Charles O. Finley & Co.* (the ultimately prevailing party was entitled to recover all reasonable fees and expenses after losing at the appellate level).

The government also argues that plaintiff should be denied an award of attorney fees and expenses for plaintiff's unsuccessful petition for rehearing subsequent to the Federal Circuit's decision. Florida Rock concedes that it should not be awarded any costs with respect to its petition for rehearing or petition for certiorari to the Supreme Court.

### 4. *Entitlement to Fees for Retrial*

 The government feels that the plaintiff's request for attorney fees for the period of preparation and retrial in the Claims Court, including post-trial briefing and argument, is not reasonable. Specifically, the government contends that documentation submitted by the plaintiff does not sufficiently document the claimed services, nor does it prove the reasonableness of such services.

This court, in considering the reasonableness of the time expended in plaintiff's litigation of this case, relies on the wisdom of Chief Judge Kozinski in his order concerning the first application for fees and expenses:

> The court is reluctant to second-guess counsel's time allocation for what has proved to be a winning case. Plaintiff was entitled to hire competent counsel, and counsel, in turn, had the responsibility to undertake all reasonable efforts in securing a victory. What constitute reasonable efforts cannot be defined with precision; it is a matter of professional judgment as to which the court will allow great leeway. In a case such as this, the risk of abuse is minimal because plaintiff has no assurance of recovering and must

assume it will bear the full cost of the litigation. Plaintiff can therefore be expected to exercise control over the time spent and the rates charged. Absent some specific showing of abuse, the court will not disapprove counsel's decision [as to what constitute reasonable efforts].

*Florida Rock Indus. Inc. v. United States,* 9 Cl.Ct. 285, 288–89 (1985). After losing at the appellate level, plaintiff could not be sure of an eventual victory, and knowing that it might bear the full cost of the litigation, plaintiff undoubtedly exercised control over the time spent on the second trial. The court would further note from its own observation at both the second trial and during the entire pre-trial process that plaintiff's counsel conducted the litigation with great competence, efficiency and frugality. Plaintiff litigated the case in every respect in the highest traditions of the bar and according to the best standards of the profession. Therefore, in the absence of specific showings of abuse, this court finds that the hours expended were reasonable.

 The government argues that plaintiff's expenses regarding expert witnesses were unreasonable. The government bases its argument on various reasons, including the fact that one expert witness did not testify, that services provided are inadequately itemized, and that one expert's fees were $200 per hour, while the next closest expert in hourly charges billed at $125 per hour. However, although Paul Larsen, one of plaintiff's expert witnesses, did not testify in any proceedings of this court, the itemized statement of his fees and expenses which was submitted by the plaintiff indicates that he contributed to the plaintiff's presentation of its case. In addition, for the same reasons that the court is reluctant to second guess the reasonableness of the amount of time spent by plaintiff's attorneys in the litigation of this case, the court is reluctant to question the time billed by plaintiff's expert witnesses. Finally, an award to Florida Rock for its expenses in retaining Charles Failla as an expert witness should not be reduced simply because his hourly fee was the highest

among the experts; no showing has been made that his hourly fee was excessive.

### 5. *Entitlement to Compound Interest*

■ Florida Rock requests that compound interest, rather than simple interest, be awarded from the date of taking. Special circumstances may warrant the application of compound interest in accordance with the just compensation clause of the fifth amendment. This is consistent with the general principal that the constitutional standard of just compensation be satisfied by putting the owner "in as good a position pecuniarily as he would have occupied if his property had not been taken." *United States v. Miller*, 317 U.S. 369, 373, 63 S.Ct. 276, 279, 87 L.Ed. 336 (1943). This court has previously concluded that delay in payment can constitute a special circumstance for which an award of compound interest, rather than simple interest, is appropriate:

> Delay in payment entails more than delay in possession of the award. It also necessarily means delay in the use of money.... Simple interest cannot put the property owner 'in as good a position pecuniarily as he would have occupied if the payment had coincided with the appropriation.'

*ITT Corp. v. United States*, 17 Cl.Ct. 199, 240 (1989).

The delay of payment in this case makes an award of compound interest appropriate. There was a lengthy time, approximately a decade, between the date of the taking and the recovery of compensation. During this time, Florida Rock was denied the opportunity to seek a reasonable profit from its investment in the property at issue. Therefore, to deny Florida Rock compound interest would be contrary to the purpose and spirit of the just compensation clause of the fifth amendment.

### CONCLUSION

Based on the foregoing, the court awards plaintiff reasonable attorney fees and costs in the amount of $808,784.90.

Itemization of award:

Period from November 1, 1980—May 31, 1985 (Initial liability and valuation proceedings)

| | |
|---|---|
| Attorney fees | $311,174.00 |
| Expenses | 189,373.24 |
| Total | 500,547.24[1] |

Period from June 1, 1985—June 30, 1986 (Appeals costs for litigation of 98 acres)

| | |
|---|---|
| Attorney fees | $ 54,871.25[2] |

Period from January 1, 1987—July 31, 1990 (Application for attorney fees and retrial)

| | |
|---|---|
| Attorney fees | $151,337.00[3] |
| Experts | 67,632.49 |
| Expenses | 34,396.92 |
| Total | 253,366.41 |
| TOTAL | $808,784.90 |

On July 23, 1990, this court awarded plaintiff $1,029,000 on its takings claim. Plaintiff shall receive compound interest on that award. Interest to run from the date of taking.

IT IS SO ORDERED.

---

**1.** This figure was awarded by Chief Judge Kozinski in his opinion of December 6, 1985. The amount reflects a 15% reduction in total attorney hours and a 10% reduction in total expenses. This formula excludes costs not devoted to the ultimately successful 98 acre issue. Additionally, since fee rates varied during litigation, fees are calculated at the highest rate in lieu of an award of fees and interest.

**2.** Figures submitted in plaintiff's Supplemental Memorandum on Compound Interest reflect entire appeal costs. That litigation included defense of the government's appeal of the 98 acre claim and a cross-appeal on the 1,560 acre claim. As plaintiff is only entitled to costs for the 98 acre issue, half of the total appeal costs are awarded.

**3.** Attorney fees for retrial also were calculated at the highest rate charged in lieu of awarding actual charges plus interest.