WHITNEY BENEFITS, INC., and Peter Kiewit Sons' Co., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 499–83L.

United States Court of Federal Claims.

Feb. 10, 1994.

George W. Miller with Walter A. Smith Jr. and Jonathan L. Abram, Washington, DC, for plaintiffs Peter Kiewit Sons' Co. and Whitney Benefits, Inc.

Alfred T. Ghiorzi with Pamela S. West and Lisa Hemmer, Washington, DC, U.S. Dept. of Justice, for defendant.

## OPINION

SMITH, Chief Judge.

This court issued its original opinion in this case on October 13, 1989, finding that plaintiffs had suffered a taking of their property, a large tract of minable coal, resulting from the government's enactment of the Surface Mining Control and Reclamation Act, on August 3, 1977. The court's opinion was affirmed on appeal, and certiorari was denied. *Whitney Benefits, Inc. v. United States,* 18 Cl.Ct. 394 (1989), *modified,* 20 Cl.Ct. 324 (1990), *aff'd,* 926 F.2d 1169 (Fed.Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 406, 116 L.Ed.2d 354 (1991). Judgment was entered on December 28, 1989. In the judgment, the court ordered that plaintiffs:

> recover, on its taking claim, of and from the United States the sum of $60,296,-000.00 together with interest, as part of just compensation, from the date of taking, August 3, 1977, through the date of payment, to be calculated pursuant to the Contracts Disputes Act, 41 U.S.C. § 611 (1982).

Plaintiffs, by a motion for clarification of that judgment, are asking the court to indicate whether simple or compound interest was awarded. For the following reasons, the court holds that plaintiffs are entitled to receive interest, compounded annually, as just compensation for the taking of their property.

## DISCUSSION

### I. Rule 60(a)

■ Plaintiffs move the court pursuant to Claims Court (now Court of Federal Claims) Rule 60(a) to clarify the court's December 28, 1989 judgment. That rule provides:

> Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

RUSCC 60(a). Plaintiffs contend that the judgment is ambiguous concerning whether simple or compound interest was awarded and, therefore, must be clarified before the judgment can be paid.

Although the judgment refers to section 12 of the Contracts Disputes Act (CDA), plaintiffs maintain that that section does not answer the question concerning whether simple or compound interest was awarded. The Contract Disputes Act, 41 U.S.C. § 611, provides that:

> Interest on amounts found due contractors on claims shall be paid to the contractor from the date the contracting officer receives the claim pursuant to section 605(a) of this title from the contractor until payment thereof. The interest provided for in this section shall be paid at the rate established by the Secretary of the Treasury pursuant to Public Law 92–41 (85 Stat. 97) for the Renegotiation Board.

Plaintiffs contend that the statute and the accompanying regulations merely specify a particular rate of interest; they do not address whether the interest is to be simple or compound.

The court finds that reference to the Contracts Disputes Act does not resolve the question of whether simple or compound interest was awarded. In addition, although the subject of interest was discussed in the court's original opinion, *see* 18 Cl.Ct. at 416, the court did not discuss the simple versus compound distinction, and did not specify which type of interest was appropriate.

Defendant contends that plaintiffs' motion is untimely, in that it was filed almost two years after entry of judgment, and that defendant would be prejudiced if plaintiffs were allowed to file their motion at this stage of the proceedings. Def.Br. at 2–4. Defendant argues that, if the government had known it was facing a judgment that included compound interest, the government would have more vigorously pursued their appeal, especially the issues relating to valuation. *Id.*

■ Defendant's arguments are not persuasive. The court finds that plaintiffs' motion is timely. As plaintiffs point out, there is no time limit to file a motion under Rule

60(a). In addition, plaintiffs promptly filed their motion after the Supreme Court denied certiorari. In addition, defendant cannot now argue that they would have appealed their case differently had they known that compound interest would be awarded. It stretches logic to contend that defendant did not vigorously appeal the valuation issues in a judgment of over $60 million. The court also notes that defendant's counsel litigated the case vigorously and with great competence.

In addition, at oral argument defendant conceded that had the original opinion stated that interest was to be computed pursuant to federal law, a Rule 60(a) motion would be appropriate. Tr. at 36. Clearly that would be ambiguous as federal law discusses many different interest rates in varying contexts. Although the opinion was not that broad, the same ambiguity can be found in the statement "interest pursuant to the Contract Disputes Act." Section 12 of the CDA states: "The interest provided for in this section shall be paid at the rate established by the Secretary of the Treasury pursuant to Public Law 92–41 (85 Stat. 97) for the Renegotiation Board." There is *no* reference to the appropriate period for compounding the interest or whether simple or compound interest is required. This lack of reference to the compounding issue constitutes an ambiguity which this court may correct pursuant to Rule 60(a).

## II. Compound Versus Simple Interest

■ In its 1989 decision in this case, this court found that plaintiffs' property was taken by the government on August 3, 1977, when the government enacted the Surface Mining Control and Reclamation Act. Under the fifth amendment, when the government "takes" private property for public use, the government must pay "just compensation" for that property. Plaintiffs argue that, in takings cases, interest is considered a necessary component of "just compensation," and therefore will run against the government regardless of whether the government consents. No compensation was paid to plaintiffs at that time for their property. The Supreme Court has stated that, when the government takes an individual's property,

and the owner of that property does not receive compensation at the time of the taking, "the owner is entitled to interest thereon *sufficient* to insure that he is placed in as good a position pecuniarily as he would have occupied if the payment had coincided with the appropriation." *Kirby Forest Industries, Inc. v. United States,* 467 U.S. 1, 10, 104 S.Ct. 2187, 2194, 81 L.Ed.2d 1 (1984) (emphasis added) (citations omitted).

In recognizing the time value of money in takings cases, the Supreme Court's teaching has compelling logic. Where the government has taken plaintiff's property and returns a payment worth an identical amount at a subsequent date, the plaintiff still suffers an economic loss. Such a conclusion follows from the fact that when the government merely returns an identical sum as compensation, the plaintiff loses the opportunity to earn interest on its principal. In addition, the existence of inflation suggests that mere repayment of principal fails to adequately compensate the plaintiff as the returned principal has less buying power than the principal had when taken. Thus, to be made whole for the taking of their property, the plaintiffs must be compensated for the time value of their property and the inflation rate. The market does this through compound interest.

Plaintiffs assert that, under certain circumstances, the requirement of just compensation necessarily includes the payment of compound interest. In a recent Claims Court opinion the court recognized that:

> Special circumstances may warrant the application of compound interest in accordance with the just compensation clause of the fifth amendment. This is consistent with the general principal that the constitutional standard of just compensation be satisfied by putting the owner 'in as good a position pecuniarily as he would have occupied if this property had not been taken.'

*Florida Rock Industries, Inc. v. United States,* 23 Cl.Ct. 653, 658 (1991), *appeal docketed,* No. 91–5156 (Fed.Cir. Sept. 27, 1991), citing *United States v. Miller,* 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943).

The Federal Circuit has also recognized that an award of compound interest may be

necessary to provide just compensation. *"[B]ased on the facts and circumstances in a particular case, compound interest may more nearly fit with the policy 'to accomplish complete justice as between the plaintiff and the United States' under the just compensation clause of the Fifth Amendment."* Dynamics Corp. v. United States, 766 F.2d 518, 520 (Fed.Cir.1985) (footnote and citation omitted).[1]

Defendant argues that it is clear that simple, not compound, interest is to be awarded in this case. Defendant relies on *Brookfield Construction Co. v. United States*, 661 F.2d 159, 228 Ct.Cl. 551, 568 n. 27 (1981), where the court stated:

> There is no support for the award of compound, rather than simple, interest under the Disputes Act. The general rule is that even where, as here, a statute requires the payment of interest, 'only simple interest is intended and compound interest cannot be awarded against the Government' (citation omitted).

However, as plaintiff points out, *Brookfield* only affects cases arising under the CDA. The case at issue here did not arise under the CDA; it is a fifth amendment takings case. CDA actions are premised on the Tucker Act's waiver of sovereign immunity. The protections of the fifth amendment, however, are not so dependent. While all money claims in this court are dependent on the waiver of sovereign immunity, without such a remedy the citizen could still turn to the district court for injunctive and possibly monetary relief against the sovereign. In fact, without the Tucker Act remedy, district court redress might well be considerably broader.

█ In *Preseault v. Interstate Commerce Commission*, the Supreme Court noted that "All that is required is the existence of a reasonable, certain and adequate provision for obtaining compensation at the time of the taking. If the government has proved an adequate process for obtaining compensation, and if resort to that process yields just compensation, then the property owner has no claim against the government for a taking."[2] Thus, CDA disputes differ significantly from fifth amendment takings claims, and do not suggest that simple interest is required in the present action. While compound interest ordinarily does not run against the government without its consent, *see Cherokee Nation v. United States*, 270 U.S. 476, 490–91, 46 S.Ct. 428, 433–34, 70 L.Ed. 694 (1926), this prohibition on interest against the government does not apply in fifth amendment takings cases, *see, e.g., United States v. Sioux Nation of Indians*, 448 U.S. 371, 387 n. 17, 100 S.Ct. 2716, 2727, 65 L.Ed.2d 844 (1980); *United States v. Alcea Band of Tillamooks*, 341 U.S. 48, 49, 71 S.Ct. 552, 552, 95 L.Ed. 738 (1951); *United States v. Thayer–West Point Hotel Corp.*, 329 U.S. 585, 588, 67 S.Ct. 398, 399, 91 L.Ed. 521 (1947); *Seaboard Air Line Rail Co. v. United States*, 261 U.S. 299, 306, 43 S.Ct. 354, 356, 67 L.Ed. 664 (1923); *Short v. United States*, 12 Cl.Ct. 36 (1987); *Minnesota Chippewa Tribe v. United States*, 11 Cl.Ct. 221 (1986).

The court holds that in this case, for the following reasons, "just compensation" requires that compound interest be awarded.

## A. Delay

█ Where the government delays its payment for "taken" property, an award of compound interest is appropriate. *Florida Rock*, 23 Cl.Ct. at 658. As justification for the award of compound interest, the court has stated:

> Delay in payment entails more than delay in possession of the award. It also necessarily means delay in the use of the money. Full compensation, then, requires that a [property owner] whose award has been delayed be compensated for his inability to utilize his money. A [property owner] cannot reinvest the increased values of his

---

1. The Federal Circuit remanded *Dynamics Corp. v. United States* to the Claims Court to consider whether "reasonable and entire compensation" included compounded interest in calculating damages. Prior to the remand decision, however, the parties entered into a settlement and no opinion was ever issued.

2. *Preseault v. Interstate Commerce Commission*, 494 U.S. 1, 11, 110 S.Ct. 914, 921, 108 L.Ed.2d 1 (1989) (footnotes omitted).

property when he possesses neither his property nor its monetary worth.

*ITT Corp. v. United States,* 17 Cl.Ct. 199, 240 (1989). The court in *ITT Corp.* further recognized that:

Simple interest cannot put the property owner 'in as good a position pecuniarily as he would have occupied if the payment had coincided with the appropriation,' because it undervalues the worth of the [property].

17 Cl.Ct. at 240.

The court fully recognizes that *ITT Corp.* was a patent infringement suit and one of the reasons an award of compound interest was granted was on that basis. In *State of Illinois v. United States,* 19 Cl.Ct. 180, 187 (1989), the court stressed that the reason for granting compound interest in patent suits may not be present in eminent domain cases. " 'Eminent domain cases involving takings of land may or may not evolve from takings of land applied in commerce.' " 19 Cl.Ct. at 187, citing *ITT Corp. v. United States,* 17 Cl.Ct. at 240. In *Illinois* the property was not held for commercial use and there was no showing that simple interest would be inadequate. 19 Cl.Ct. at 187. When commercial property is involved, however, the distinction between the two types of cases becomes moot. In the instant case, not only is significant delay, a predicate for an award of compound interest, present, but it can also be shown that simple interest would be inadequate. In fact, in this case, simple interest would fall far short of the just compensation required by the Constitution.

Plaintiff refers the court to a number of eminent domain cases where compound interest was awarded. *See, e.g., United States v. 429.59 Acres of Land,* 612 F.2d 459, 465 (9th Cir.1980); *United States v. 129.4 Acres of Land,* 602 F.Supp. 750, 753 (D.Ariz.1985); *United States v. 8.41 Acres of Land,* 576 F.Supp. 685, 693 (E.D.Tex.1983), *rev'd on other grounds,* 731 F.2d 1207 (5th Cir.1984); *United States v. 790.71 Acres of Land,* 550 F.Supp. 690, 693 (W.D.Okla.1981); *United States v. 319.46 Acres of Land,* 508 F.Supp. 288, 291 (W.D.Okla.1981); *United States v. Blankinship,* 431 F.Supp. 403, 404 (D.Ore.

1977); *United States v. Northern Pac. Ry. Co.,* 51 F.Supp. 749 (E.D.Wash.1943); *Salton Bay Marina, Inc. v. Imperial Irrigation Dist.,* 172 Cal.App.3d 914, 218 Cal.Rptr. 839 (Cal.Ct.App.1985). In *United States v. 319.46 Acres of Land,* 508 F.Supp. 288, 291 (W.D.Okla.1981), the court stated:

The economic reality is simply that if the full value of just compensation had been deposited with the court contemporaneously with the filing of the declaration of taking, the landowner would have been able to earn compound interest. Thus, prohibiting the landowner from recovering compound interest on the deficiency acts to retroactively reduce the value of just compensation at the time of taking by undervaluing its present worth.

This court agrees with that conclusion, and holds that, because of the long delay since the date of taking in this case, the award of compound interest is not only proper, but its denial would effectively undercut the protections of the fifth amendment to our Constitution. *See Florida Rock,* 23 Cl.Ct. at 658 (delay of approximately a decade justifies award of compound interest).

B. Income-producing property

Plaintiffs contend that the property here was to be used for commercial purposes. Defendant's counsel admitted at oral argument that compound interest would be appropriate if there was a substantial likelihood of a commercial venture. Tr. at 39. Implicit in this court's decision is the fact that this property was a commercial venture, since the court concluded that a reasonable purchaser would have paid in excess of $60 million for the property because of its value as a coal mine.

The distinction between commercial and non-commercial land becomes important because, in *ITT Corp.,* the court indicated that an award of compound interest might not be appropriate in takings cases where the property was not held for commercial purposes.[3] 17 Cl.Ct. at 240. Here, the value of the property was measured by its "ability to produce income." *Whitney Benefits,* 18 Cl. Ct. at 409. Income-producing property

---

3. The court expresses no opinion on this proposition, as it is not at issue in this case.

would generate an income stream that would be available for continual reinvestment, at compound rates. Just compensation requires the payment of compound interest to replace the investment opportunities plaintiffs lost when the government took their property.

**C. Discount rate used at trial adopted compound interest rate**

When the court reached its decision on the property's 1977 value, projected cash flows were discounted using an annually compounded rate. Plaintiffs suggest in their brief that discount rates are always compounded to reflect the fact that an investor could expect to receive compound returns on his investments. P.'s Br. at 16 n. 6. Plaintiffs further assert that, because the base award of the value of the property was discounted using a compound rate of interest, fairness dictates that the interest on that award be calculated using a compound rate as well.[4]

The court finds that, in order to award just compensation, the amount of the judgment should be determined using comparable interest rates. Because the discount rate used to determine the amount of the judgment incorporated compound interest, compound interest should be awarded on that judgment to accurately reflect the value of just compensation.

**D. Eminent Domain Statute**

Recently, Congress amended the Declaration of Taking Act to provide that compound interest would be awarded where the government exercised its eminent domain authority. *See* 40 U.S.C. § 258e–1 (1988). Although this statute does not directly control this case, it does indicate the congressional policy of adequately compensating takings. As plaintiffs point out, it would be inequitable, and illogical, to award less than compound interest where the government has taken property and not paid for it, while requiring the payment of compound interest in formal eminent domain proceedings.

**III. Period of Compounding**

■ Plaintiffs argue that semi-annual compounding is appropriate here. Although plaintiffs originally argued during the trial that annual compounding would be appropriate, plaintiffs now contend that semi-annual rates should be used. Plaintiffs maintain that, because the judgment incorporates the CDA rates of interest, and because the new CDA rates are set semi-annually, it would be logical to compound the interest rate here on a semi-annual basis. *See United States v. 8.41 Acres of Land,* 576 F.Supp. 685, 693 (E.D.Tex.1983) (employing semi-annual compounding of Treasury note rate, because such interest is payable semi-annually), *rev'd on other grounds,* 731 F.2d 1207 (5th Cir.1984).

The court does not find this argument persuasive. The court holds that the eminent domain statute provides a better source of decision. That statute provides that when the government admits a taking, the government shall pay judgments that include interest compounded at an annual rate. The court finds no reason to provide plaintiffs with interest compounded at a different periodic rate in cases where the government does not admit the taking, as in the case at bar. Further, the discount rate at the trial was calculated based upon annual compounding. As a result, providing the plaintiff with interest compounded semi-annually would be the same kind of unequal methodology as using simple interest in calculating damages and compound interest in calculating the discount rate. Thus, plaintiffs may recover interest compounded at an annual rate.

*CONCLUSION*

For the foregoing reasons, the court GRANTS plaintiff's motion to clarify the court's December 28, 1989 judgment, and holds that plaintiffs are entitled to receive interest compounded annually on that judgment, interest to accrue from the date of the taking, August 3, 1977, until the date of payment. The parties shall within sixty days

---

**4.** Plaintiffs contend without contradiction that, if an uncompounded discount rate had been used by the court when it determined the amount of the judgment, the value of the base award would have been approximately 50% higher. P.'s Br. at 16 n. 7.

prepare a stipulation as to the amount of interest due.